

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<em>The Silvio J. Mollo Building<br>
One Saint Andrew's Plaza<br>
New York, New York 10007</em>

January 28, 2020

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    ***United States v. Noel and Thomas***,
               **19 Cr. 830 (AT)**

Dear Judge Torres:

       The Government respectfully writes in response to the defendants' letters of January 27, 2020, requesting at least a six-month adjournment of the trial date in the above-captioned case, which is currently scheduled to commence on April 20, 2020. The Government remains prepared to proceed to trial as scheduled. As is set forth more fully below, while the Government has no objection to a brief adjournment of the trial date subject to the Court's availability, the requested six-month adjournment is both unnecessary and unwarranted.

       By way of background, as is set forth in the Indictment, the charges in this case relate to a period of just over 14 hours—from approximately 4:00 p.m. on August 9, 2019 to approximately 6:30 a.m. the following day, August 10, 2019. The Government has made three discovery productions—(1) the main production on December 31, 2019; (2) a small supplemental production on January 23, 2020; and (3) a reproduction of video surveillance footage with timestamps on January 24, 2020.[1] While the December 31, 2019 discovery production consisted of a large number of pages of materials, many of those materials were produced principally in anticipation of defense requests and to help facilitate the very sort of broader investigation the defendants now claim they need to undertake. For example, the Government produced MCC video surveillance for a period of longer than one month (July 5, 2019 to August 12, 2019); count slips for nearly three weeks (July 23, 2019 to August 14, 2019); thirty-minute round reports for more than a month (July 1, 2019 to August 10, 2019); and materials relating to the events of July 23, 2019. Similarly, with respect to defendant Noel, the Government provided in discovery to her only a report from her cellphone, which consists of more than 20,000 pages, very few of which, if any, are relevant to the pending charges. For substantially the same reasons, and as the Court is aware, the

---

[1] For the third production, the Government requested additional hard drives from defense counsel. To date, only Noel's counsel provided a hard drive to the Government, which the Government then loaded and returned to counsel. The Government stands ready to do the same for Thomas as soon as a hard drive is provided.

January 28, 2020
Page 2

Government also produced 3500 material for every individual interviewed during the investigation in December, nearly four months in advance of trial.

"Whether or not to adjourn a trial date is traditionally within the discretion of the trial judge." *United States v. Scopo*, 861 F.2d 339, 344 (2d Cir. 1988) (internal quotations omitted). While there "is no mechanical test with respect to requests for a continuance or adjournment," *United States v. Al Fawaaz*, 116 F. Supp. 3d 194, 210 (S.D.N.Y. 2015), the Second Circuit has identified certain circumstances in which an adjournment may be appropriate: (1) the requested delay is of a short (or at least fixed duration); (2) the sought-after evidence is specified with particularity; (3) the proposed evidence is critical to the defense; and (4) the defendant has not been dilatory. *Id.* at 211 (summarizing considerations found in *United States v. White*, 324 F.3d 814, 814-16 (2d Cir. 1963)).

None of the circumstances identified in *Al Fawaaz* necessitate the lengthy adjournment requested by the defendants. The Government's case-in-chief turns on a brief, fourteen-hour window for which the evidence is limited and now available to the defendants. Moreover, even as expanded to include all of the additional material produced as described above, the discovery in the instant case is neither unusually voluminous nor complex, and the defendants provide no specific reasons why the review of the materials requires a six-month adjournment.

Nor does the need to file pre-trial motions and interview witnesses support such an adjournment. Thomas's counsel has indicated that he intends to file a motion to dismiss the indictment, while Noel's counsel states that he has not been able to determine what motions to file pending his review of the discovery. Noel's counsel, however, identifies no reason to believe such a review is likely to result in the identification of any potential pre-trial motions: as counsel is aware, the Government did not obtain any search warrants as part of its investigation, nor did the defendants make post-arrest statements that the Government would seek to introduce into evidence. As such, there is no evidence for the defendants to seek to suppress. As for the motion to dismiss, which does not depend on a review of the discovery, counsel for Thomas identifies no reason why such a motion could not be made in short order.

Finally, with respect to the need to interview witnesses, as noted above, the Government has already produced all of the witness statements in its possession, almost all of them on December 31, 2019, nearly four months before trial. As the Court is well-aware, such productions of witness statements are typically made only weeks before trial is scheduled to begin. As such, the Government's early production of those materials—giving the defendants months of additional time to review those statements and take any potential investigation steps based upon them—cannot possibly merit a lengthy *postponement* of the trial date.

January 28, 2020
Page 3

      Accordingly, as noted above, the Government is prepared to proceed to trial as scheduled. That said, while the Government would not object to a short adjournment of the trial date to provide the defendants with additional time to prepare, the issues identified in the defendants' letters do not require a six-month adjournment.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney for the
                                              Southern District of New York

                                 By: _____/s/_____
                                              Rebekah Donaleski
                                              Nicolas Roos
                                              Jessica Lonergan
                                              Assistant United States Attorneys
                                              (212) 637-2423/2421/1038

cc:      Defense Counsel (by ECF)