USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/9/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TOVA NOEL and MICHAEL THOMAS,

Defendants.

19 Cr. 830-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On November 19, 2019, Defendant Michael Thomas was charged with one count of conspiring to defraud the United States in violation of 18 U.S.C. § 371, and three counts of making false statements with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of a department or agency of the United States in violation of 18 U.S.C. § 1001(a)(3). ECF No. 1. The indictment alleges that Thomas, in his capacity as a correctional officer at the Metropolitan Correctional Center (the "MCC"), along with another officer, co-Defendant Tova Noel, submitted several false "count slips" on the night of August 9, 2019 and the morning of August 10, 2019, certifying that he conducted counts of the inmates he was supervising in the MCC's Special Housing Unit ("SHU"), even though he did not conduct those counts. *Id.* ¶¶ 16, 30, 36, 38, 40. During that time period, one of the inmates in the SHU—Jeffrey Epstein—hanged himself in his cell. *Id.* ¶¶ 1, 26–27.

Thomas now moves to compel the Government to produce evidence in connection with the trial scheduled to begin on January 4, 2021. Motion, ECF No. 33. Thomas seeks three categories of information: (1) "[t]he report of the Inspector General" for the United States Department of Justice related to Epstein's death, and "any and all supplemental memorandums, written statements, photos, videos, and incident reports" obtained by the Inspector General's investigation, *id,* at 5; (2) "[a]ny and all internal investigative reports created by the [Bureau of

Prisons (the "BOP")] as to both [D]efendants, including[] any and all supporting memorandums, written statements, photos, videos, and incident reports," *id.* at 6; and (3) "any and all reports, memorandums, written statements, photos, videos, and incident reports created, manufactured, or possessed by any investigative or disciplinary agencies[] participating in the investigation of the [D]efendants, allied with the prosecution, and to which the prosecution has access," *id.* at 7.

For the reasons stated below, Thomas' motion is DENIED.

## DISCUSSION

The Government has already produced "surveillance video going back to July 5, 2019 . . . ; count slips, thirty minute round forms, and staffing rosters for the three-week period surrounding Epstein's suicide; internal MCC phone records; employee files and staffing history for Noel and Thomas; and a wide range of written [BOP] policies and regulations," as well as "statements for all of the witnesses interviewed during the investigation." Gov't Opp. at 8–9, ECF No. 35.

Thomas argues that he is entitled to additional discovery on two grounds: (1) Rule 16 of the Federal Rules of Criminal Procedure, and (2) the constitutional guarantee of due process as expressed by the Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Motion at 1.

I.  Legal Standards

   A.  Rule 16

Rule 16 requires the Government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession,

2

custody, or control and: (i) the item is material to preparing the defense; (ii) the [G]overnment intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). "Evidence is material if it could be used to counter the [G]overnment's case or to bolster a defense." *United States v. Ulbricht*, 858 F.3d 71, 109 (2d Cir. 2017) (internal quotation marks and citation omitted), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018). "In order to compel the Government to produce certain evidence, a defendant must make a prima facie showing of materiality, and must offer more than the conclusory allegation that the requested evidence is material." *United States v. Abdalla*, 317 F. Supp. 3d 786, 790 (S.D.N.Y. 2018) (internal quotation marks and citation omitted). "There must be some indication that the pretrial disclosure of the disputed evidence would enable the defendant significantly to alter the quantum of proof in his favor." *United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013) (internal quotation marks, citation, and alterations omitted).

Evidence is "within the [G]overnment's possession, custody, or control" if "(1) it has actually reviewed [the evidence], or (2) [the evidence is] in the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered part of the prosecution team." *United States v. Finnerty*, 411 F. Supp. 2d 428, 432 (S.D.N.Y. 2006). "Legal ownership of the requested documents or things is not determinative, nor is actual possession necessary if the party has control of the items. *Control* has been defined to include the legal right to obtain the documents requested upon demand. The term 'control' is broadly construed." *United States v. Stein*, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007) (internal quotation marks and citation omitted) (collecting cases).

If the Government represents that it "it has fully complied with [its Rule 16] obligations and will continue to do so," the defendant must put forward some "compelling demonstration to the contrary" by pointing to a "specific failure by the Government to comply with its disclosure obligations" in order to justify a motion to compel. *United States v. Minaya*, 395 F. Supp. 2d 28, 34 (S.D.N.Y. 2005).

### B. *Brady/Giglio*

Under the Supreme Court's decision in *Brady v. Maryland*, the Government "has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment," and as elaborated in *Giglio v. United States*, that obligation extends to "not only exculpatory material, but also information that could be used to impeach a key [G]overnment witness." *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001). "Evidence is material within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Turner v. United States*, 137 S. Ct. 1885, 1893 (2017) (internal quotation marks, citations, and alteration omitted)); *see also Coppa*, 267 F.3d at 135 ("[T]he prosecutor must disclose evidence if, without such disclosure, a reasonable probability will exist that the outcome of a trial in which the evidence had been disclosed would have been different.").

"The prosecution's obligation to disclose *Brady* material extends to any material in the possession of any entity that has acted as an 'arm of the prosecutor' in a given case." *United States v. Middendorf*, No. 18 Cr. 36, 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018) (quoting *United States v. Blaszczak*, 308 F. Supp. 3d 736, 741 (S.D.N.Y. 2018)). "A prosecutor's duty to review documents in the possession, custody, or control of another agency

4

arises where the Government conducts a joint investigation with another agency." *United States v. Collins*, 409 F. Supp. 3d 228, 239 (S.D.N.Y. 2019) (internal quotation marks and citation omitted). In determining whether the prosecution has conducted a joint investigation, courts in this district look to a number of non-exhaustive factors, "including whether the other agency: (1) participated in the prosecution's witness interviews, (2) was involved in presenting the case to the grand jury, (3) reviewed documents gathered by or shared documents with the prosecution, (4) played a role in the development of prosecutorial strategy, or (5) accompanied the prosecution to court proceedings." *Id.* (internal quotation marks and citation omitted).

As under Rule 16, if the Government has represented that it is aware of and has complied with its *Brady* and *Giglio* obligations, a defendant must make a "particularized showing that materials exist requiring disclosure" in order to sustain a motion to compel. *United States v. Juliano*, No. 99 Cr. 1197, 2000 WL 640644, at *2 (S.D.N.Y. May 18, 2000); *see United States v. Evanchik*, 413 F.2d 950, 953 (2d Cir. 1969) ("[T]he assurance by the [G]overnment that it has in its possession no undisclosed evidence that would tend to exculpate defendant justifies the denial of a motion for inspection that does not make some particularized showing of materiality and usefulness.")

II.  Inspector General Materials

Thomas seeks disclosure of both the investigatory materials from the Department of Justice Office of the Inspector General's ("OIG") investigation regarding Epstein's death, and a draft of the Inspector General's report arising from that investigation. Motion at 5. The Government concedes that attorneys from OIG participated in the Government's investigation that led to the indictment of Thomas. Gov't Opp. at 3, 19. But, the Government represents that

5

it has already delivered to Thomas all of the materials gathered by OIG personnel in the course of investigating this case, and that "it is the prosecution's understanding that [OIG] attorneys have not conducted any additional interviews or otherwise discovered any potential *Brady* material." *Id.* at 23–24.  Thomas has not identified any specific material that might be in OIG's possession that has not been disclosed.

The Court, therefore, has no basis to compel the Government to disclose additional evidence underlying the Inspector General's report.  "[C]ourts in this circuit have repeatedly denied requests for discovery orders where the [G]overnment represents that it has produced discovery to defendants pursuant to Rule 16 and has made a good faith representation to the defense that it recognizes and has complied with its obligations under *Brady* and its progeny." *United States v. Garcia-Pena*, No. 17 Cr. 363, 2018 WL 6985220, at *6 (S.D.N.Y. Dec. 19, 2018) (internal quotation marks, citation, and alterations omitted); *see also, e.g.*, *United States v. Blondet*, No. 16 Cr. 387, 2019 WL 5690711, at *5 ("[T]o the extent that these motions seek evidence pursuant to *Brady* [], *Giglio* [], and their progeny, they are [denied] on the basis of the Government's good-faith representation that it has complied with its obligations and will continue to do so." (citations omitted)); *United States v. Goode*, No. 16 Cr. 529, 2018 WL 919928, at *18 (S.D.N.Y. Feb. 15, 2018) ("The Government represents that it has complied with Rule 16 obligations; the Rule 16 requests are therefore moot." (citation omitted)).

As for the draft Inspector General's report itself, the Government reports that "attorneys from [OIG] responsible for writing the [r]eport have not yet completed a draft, and do not anticipate completing the [r]eport in the near term," and so "there are no drafts of the [r]eport to

disclose." Gov't Opp. at 21–22. The Court cannot grant a motion to compel the Government to produce a report that, at the time of this order, does not exist.[1]

Accordingly, Thomas' motion to compel disclosure of materials related to the Inspector General's investigation is DENIED.

    III.    BOP Materials

Thomas also seeks disclosure of "reports generated by investigators within the [BOP] regarding" Epstein's death, and "any and all documents, reports, witness statements and disciplinary records of any and all MCC employees who have engaged in conduct" similar to that alleged against Thomas. Motion at 6. However, Thomas has adduced no evidence that the Government reviewed information arising from a BOP investigation. Nor has he shown that BOP officials "participated in the prosecution's witness interviews," were "involved in presenting the case to the grand jury," "reviewed documents gathered by or shared documents with the prosecution," "played a role in the development of prosecutorial strategy," "accompanied the prosecution to court proceedings," or in any other way played a role in the investigation that led to the charges against him. *Collins*, 409 F. Supp. 3d at 239 (internal quotation marks, citation, and alteration omitted). There is, therefore, no evidence that BOP personnel participated in the criminal investigation that led to Thomas' indictment. Thus, the Court concludes that the BOP was not part of the prosecution team for purposes of Rule 16 and *Brady*.

To be sure, the BOP is a component of the Department of Justice, but that fact standing alone is not sufficient to make the BOP an arm of the prosecution. "The court cannot find that

---

[1] Because the Court denies Thomas' motion on the ground that no material exists to disclose, it does not address whether the Inspector General's report might contain information material to his defense, nor whether it is protected by the deliberative process privilege. *See* Gov't Opp. at 12–15, 22–23.

the government is in constructive possession of the materials where, as here, defendant has not presented any evidence suggesting that the BOP was involved in the investigation or prosecution of this case." *United States v. Rivera*, No. 13 Cr. 149, 2015 WL 1540517, at *3 (E.D.N.Y. Apr. 7, 2015); *see, e.g.*, *United States v. Merlino*, 349 F.3d 144, 155 (3d Cir. 2003) (holding that Government did not violate *Brady* obligation in failing to turn over tapes in BOP possession because "the BOP was not part of the prosecutorial arm of the federal government as it was not at all involved in either the investigation or the prosecution of the defendants"); *United States v. Battle*, 264 F. Supp. 2d 1088, 1201–02 (N.D. Ga. 2003) ("Defendant implies that because the BOP employees are connected with the Department of Justice that the prosecution team constructively possessed exculpatory information that could have been within the knowledge of BOP staff. . . . Even if the Court assumes that some members of the BOP staff did possess favorable information that alone does not impute knowledge to the prosecution team." (citing *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998)).

Accordingly, Thomas' motion to compel the Government to disclose evidence in the possession of the BOP is DENIED.

IV. <u>Other Materials</u>

Finally, Thomas seeks disclosure of information that he argues will tend to show that the conduct for which he is being prosecuted was: "1) rampant throughout the BOP; 2) made with knowledge and acquiescence by the leadership of the BOP; 3) made as a result of BOP policies that forced the defendant to engage in conduct for which he is now being charged criminally, and; 4) made in a manner which contains a possible discriminatory application of BOP policies by [G]overnment prosecutors." Motion at 7. But Thomas has not provided support for his

assertion that the Government, or any other agency that has operated as an arm of the prosecution, is in possession or control of evidence that relates to the prevalence of falsifying count slips in federal correctional facilities, or BOP leadership's tolerance of such practices.

Moreover, to the extent that Thomas is seeking discovery in support of a selective prosecution defense, he has not met the "rigorous" standard that applies for obtaining discovery in aid of such a claim.  *United States v. Armstrong*, 517 U.S. 456, 468 (1996).  "[A] defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent."  *United States v. Bass*, 536 U.S. 862, 863 (2002).  Though Thomas claims that BOP supervisors may have acquiesced in his submission of false count slips in this case, and that other BOP employees have submitted false documents in other circumstances, he has not presented any evidence that those officers differed from him in any protected characteristic—for example, that they were of a different race, sex, or ethnicity.  *See* Motion at 10.  Nor has Thomas put forward any evidence of a discriminatory motive for his prosecution.

Accordingly, Thomas' motion to compel the Government to disclose evidence that the submission of false count slips was widespread and tolerated at the BOP, and for discovery related to selective prosecution, is DENIED.

## CONCLUSION

For the reasons stated, Thomas' motion to compel is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 33.

SO ORDERED.

Dated: June 9, 2020
New York, New York

ANALISA TORRES
United States District Judge