

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 6, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Noel and Thomas*,
      19 Cr. 830 (AT)

Dear Judge Torres:

  The Government writes respectfully to ask the Court to unseal the grand jury transcripts and exhibit associated with the above-referenced criminal case so as to comply with the terms of the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025) (the "Act"). The Act requires the Attorney General to "make publicly available" all unclassified records relating to "Epstein's detention or death." Because the Act, by its plain terms, applies to the grand jury records in this case and overrides the disclosure restrictions contained in Federal Rule of Criminal Procedure 6(e), unsealing is appropriate. The Government has enclosed a proposed unsealing order for the Court's consideration.

**A. Procedural Background**

  On November 19, 2019, a grand jury returned an indictment charging Tova Noel and Michael Thomas, correctional officers at the Metropolitan Correctional Center, with completing count slips that falsely indicated that they had performed certain institutional counts, when they had not in fact done so. (Dkt 1). The grand jury proceedings leading to that indictment occurred on November 14, 2019, from approximately 2:18 to 3:18 p.m., as recorded in a 37-page transcript, and on November 19, 2019, from approximately 10:07 to 10:16 a.m., as recorded in an 8-page transcript. A single witness—an FBI special agent—appeared in these proceedings and one exhibit—a 22-page PowerPoint deck, identified as "Exhibit 1"—was offered. Copies of the November 14 and 19 transcripts and Exhibit 1 have been submitted to the Court under seal.

  On December 16, 2019, the Court signed a protective order in this case, which governed the handling of confidential information. (Dkt 16). That order did not purport to restrict the Government's disclosure of either: (1) the grand jury materials in question; or (2) evidence gathered in the investigation and/or produced in the case.

  On May 25, 2021, the Court deferred the prosecution of both defendants (Dkt 56, 59), and, on January 3, 2022, entered a *nolle prosequi* as to both defendants (Dkt. 65), closing the case.

**B.     Required Disclosure Under the Epstein Files Transparency Act**

On November 19, 2025, Congress passed, and the President signed, the Epstein Files Transparency Act. The Act's operative section—Section 2, entitled "Release of Documents Relating to Jeffrey Epstein"—requires the Attorney General, subject to enumerated exceptions, to "make publicly available … all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices, that relate to" nine enumerated categories. One of those categories, subsection 9, requires the disclosure of all unclassified records that relate to "[d]ocumentation of Epstein's detention or death, including incident reports, witness interviews, medical examiner files, autopsy reports, and written records detailing the circumstances and cause of death."[1] While Section 2(c) of the Act, titled "Permitted Withholdings," identifies five categories of records as to which the Attorney General "may withhold or redact the segregable portions," none of those categories expressly covers grand jury materials or described Rule 6(e) as a basis for withholding.

While "[t]he Act does not explicitly refer to grand jury materials," it "textually covers the grand jury materials in this case." *United States v. Maxwell*, No. 20 Cr. 330 (PAE), 2025 WL 3522378, at *7 (S.D.N.Y. Dec. 9, 2025) (unsealing grand jury records in the prosecution of Ghislaine Maxwell pursuant to the Act); *see also United States v. Epstein*, No. 19 Cr. 490 (RMB), 2025 WL 3535135, at *1 (S.D.N.Y. Dec. 10, 2025) (concluding that the "'plain language' of the Epstein Files Transparency Act unequivocally intends to make public Epstein grand jury materials"). Judge Engelmayer and Judge Berman both concluded in considering applications concerning the grand jury materials in the Epstein and Maxwell prosecutions that the grand jury records there were squarely covered by the "strikingly broad" language of the Act, and that the "Act does not exempt grand jury materials from disclosure." *Maxwell*, 2025 WL 3522378, at *8; *Epstein*, 2025 WL 3535135, at *2. Congress's "decision not to exclude grand jury materials despite knowledge as to their existence, while expressly excluding other categories of materials (such as classified information), indicates that the Act covers grand jury materials." *Maxwell*, 2025 WL 3522378, at *8. Moreover, to the extent the Act and Rule 6(e) conflict, "the Act controls" because it is more specific, passed later in time, and "reflects Congress's intent to overcome grand jury secrecy." *Id.*; *see also Epstein*, 2025 WL 3535135, at *2 ("The Act supersedes the otherwise secret grand jury materials under Federal Rule of Criminal Procedure 6(e).").

For the same reasons Judges Berman and Engelmayer found in *Maxwell* and *Epstein*, the grand jury transcripts and exhibit here are subject to unsealing pursuant to the Act. The Act references the Epstein death investigation explicitly, covers all unclassified records—which includes grand jury materials—and does not exempt grand jury materials in this case from disclosure.

---

[1] The other eight categories specified in the Act are not implicated here because the grand jury materials in question do not concern Epstein's criminal activities.

Hon. Analisa Torres
January 6, 2026
Page 3 of 3

Additionally, because the Act supersedes the restrictions of Rule 6(e), the unsealing is permitted notwithstanding the Rule.[2]

In the light of the Act's clear mandate, the Court should authorize the Department of Justice to release the grand jury transcripts and Exhibit 1. As required by law, the Department of Justice will make appropriate redactions of personal identifying information and other information.

Respectfully submitted,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice


/s/ Jay Clayton
JAY CLAYTON
United States Attorney for the
Southern District of New York
26 Federal Plaza
37th Floor
New York, New York 10278

---

[2] Because the Court's protective order does not purport to restrict the Government's disclosure of either: (1) the grand jury materials in question; or (2) evidence gathered in the investigation and/or produced in the case, there is no need to alter that order, which does not conflict with the Act's requirements.